Ralph E. STOVALL, d/b/a Res Marine,
Appellant,

v.

TAYLOR EXPLORATION COMPANY,
Inc., et al., Appellees.

No. 13694.

Court of Civil Appeals of Texas.

Houston.

June 8, 1961.

Pledger, Foster & Pledger, Charles C. Foster, Jr., Houston, for appellant.

Murray G. Smyth, Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellant, Ralph E. Stovall, d/b/a Res Marine, against Taylor Exploration Company, Inc. and Donnally Geophysical Company, to recover an extra month's rent on a boat chartered to appellee, Taylor Exploration Company, Inc. No error is assigned with respect to the instructed verdict in favor of Donnally Geophysical Company. It is appellant's contention that the rental of the boat was on a monthly basis and that since it was not returned to appellant until March 2, 1957, he was entitled to rent for the entire month of March. The jury found that the boat was delivered to appellee on July 6, 1956 and that it was returned to appellant on March 2, 1957. There is no assignment of insufficiency of the evidence to support such findings. Judgment was rendered on the jury verdict that appellant take nothing. Appellant asserts that there was a holding-over of the boat under the rental contract and that, therefore, the court erred in rendering judgment for appellee. His claim is based on a letter agreement dated June 22, 1956, which in its material part, reads as follows:

"The undersigned hereby agrees to charter the 'Quarter Boat Rex' from Res Marine, beginning on or about July 1, 1956. The monthly rental rate to be $90.00 per day which will include one maintenance man, and which will be payable one month in advance. It is further agreed that the term of this charter agreement will be in no event less than three (3) months from the date of the beginning of the contract with a 30 day month to month option thereafter."

No question has been raised with respect to keeping the boat more than three months from the date of the beginning of the contract. The only controversy is as to when the monthly rental rate of $90 per day began. Appellant contends it began July 1, 1956. Appellee asserts that it did not begin until the boat was delivered to it in useable condition. The evidence shows that the boat was not in useable condition until July 6, 1956 and that it was delivered to appellee on that date. It will be noted that in the letter contract appellee agreed to charter the boat beginning *on or about July 1, 1956*.

It is our view that the first monthly rental period did not begin until July 6, 1956, when the boat was delivered to appellee in useable condition. The general rule is that it is essential to a bailment that the property be turned over into the possession and control of the bailee. 8 C.J.S. Bailments § 15a, pp. 248–249, and cases cited. The law is also well settled that rent does not start until possession is delivered, unless the rental agreement expressly stipulates otherwise. See 52 C.J.S. Landlord and Tenant § 478a, p. 234, where it is stated:

"Delivery of possession of the demised premises by the lessor to the lessee is necessary to the obligation to the latter to pay rent, and is a condition precedent to the right of the landlord to demand such payment, although the lease contains an express agreement by the tenant to pay rent."

We think the foregoing rule should also be applied to a bailment or rental of a chattel. This rule was recognized by appellant in his petition when he alleged:

" * * * the defendant Taylor Exploration Company, Inc. duly took possession of the use of said marine boat known as the 'Quarter Boat Rex' owned by the plaintiff, and the possession and use of said marine boat was duly delivered by the plaintiff to said defendant, all as of the date of July 1, 1956, as provided by said written agreement; that the first monthly rental period for said boat was therefore for the month of July, 1956."

The jury found upon ample evidence that the boat was not delivered to appellee until July 6, 1956; thus finding against appellant's allegations and contention. Hence the first monthly rental period began on July 6, 1956 and ended August 5, 1956. There is evidence that appellee paid $90 per day rent for the boat for 243 days, which rental paid to and including March 5, 1957. Appellee returned the boat on March 2, 1957, some three days prior to the expiration of the last monthly rental period for which it was liable.

The case of Alice Pipe & Supply Co. v. Harroun, Tex.Civ.App., 195 S.W.2d 852, writ ref., n. r. e., cited by appellant, is not in point since in that case there was a holding-over situation which is not present in this case.

The judgment of the trial court is affirmed.